DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## November, 1894.

---

MAXIMILIAN TOCH, Individually and as Administrator, etc., of MOSES
TOCH, Deceased, Appellant and Respondent, v. JACOB B. TOCH,
Individually and as Executor of BERNARD TOCH, Deceased, and
Another, Respondents and Appellants, Impleaded with HENRY
M. TOCH, Individually and as Executor, etc., of BERNARD TOCH,
Deceased, and Others, Respondents.

*Proof required, to enable an administrator to recover assets — right of election by a
legatee — specific bequests, when charged with the payment of debts.*

To establish the right of a plaintiff to recover assets in his capacity as administrator
he is bound to show, as against the estate of the deceased sole executor and resid-
uary legatee that the recovery thereof is necessary for the due administration of
the estate of which he is the administrator.

A legatee named in the will of a deceased executor has the right to elect
whether he will or will not accept the provisions in the will of such executor
contained, in satisfaction of a legacy bequeathed to him by a will of which
the deceased was the executor.

When articles of personal property are specifically bequeathed by will, they are
not to be resorted to for the payment of debts, unless the property not specifi-
cally devised or bequeathed is insufficient for that purpose.

CROSS-APPEALS by the plaintiff, Maximilian Toch, individually and
as administrator, etc., of Moses Toch, deceased, and by the defend-
ants, Jacob B. Toch, individually and as executor, etc., of Bernard
Toch, deceased, and another, from portions of a judgment of the
Supreme Court, entered in the office of the clerk of the county of
New York on the 24th day of May, 1894, upon the decision of the

court, rendered after a trial at the New York Special Term, charging certain real estate with the payment of certain legacies, directing the sale of such real estate, and adjudging that the plaintiff is not entitled to a certain fund of $14,000.

The following is a copy of a clause contained in the will of Bernard Toch :

"*Fourth.* I direct my executors or executor hereinbefore named, or such of them as may duly qualify as such, to take out of and from my estate a sum of money which will be sufficient to pay and satisfy all unpaid legacies which my respective brothers Leopold and Moses Toch did, in and by their respective last wills and testaments, bequeath and leave to their respective children, to be paid to such children as each of them attained the age of twenty-four years, and to pay and deliver said sum of money to the person or persons who may hereafter be duly appointed as administrator with the wills of said Leopold and Moses Toch annexed, in such sum or portions thereof as may be necessary for the purpose of carrying out the said wills and testaments of Leopold and Moses Toch respectively."

This action was brought for the purpose of charging certain real estate with the payment of eight legacies of $1,000 each, bequeathed by Bernard Toch to his eight nephews and nieces, children of Moses Toch, and to compel Henry M. Toch and Jacob B. Toch, as executors of Bernard Toch, to account to the plaintiff, as administrator of Moses Toch, with his will annexed, for $9,000, the value of certain personal property, and for $5,000, the amount received by said executors from the Mutual Life Insurance Company on policy No. 104,721, issued upon the life of Bernard Toch, payable to Moses and Leopold Toch, which, May 9, 1882, was assigned by the executors of Leopold to Moses Toch, and by his executor, Bernard Toch, was assigned October 10, 1884, to said Bernard Toch individually, and that said sums, amounting to $14,000, be charged on said real estate.

Moses Toch died April 27, 1884, leaving a last will, which was probated August 19, 1884, and letters testamentary were issued thereon to Bernard Toch. The testator bequeathed $25,000 to his executor, in trust, to invest and pay the income therefrom to his widow during life or until she remarried, which was in lieu of dower.

He bequeathed to each of his eight children who should attain the age of twenty-four years $1,000 each, to be paid to each child on his or her twenty-fourth birthday. He provided that, in case any child should die before becoming twenty-four years of age, the sum bequeathed to such child should become part of the residue of his estate. The residue of his estate he bequeathed to his brother Bernard Toch. He left eight children, all of whom are now living, and several of whom have become twenty-four years of age. Bernard Toch never inventoried or settled the estate of his deceased brother. Whether testator left debts, and, if he did, whether they have been paid, does not appear. It appears that he left an estate of at least $40,000, $9,000 of which was personalty and about $5,000 in a policy of life insurance.

Bernard Toch died April 14, 1886, leaving a will, which was probated May 21, 1886, and letters testamentary were issued thereon to Henry M. Toch and Jacob B. Toch. On the 8th of October, 1886, the plaintiff was duly appointed the administrator of the estate of Moses Toch, with his will annexed. The executors have never filed an inventory of the estate, nor have they rendered any account as executors. Whether Bernard Toch left debts, and, if so, whether they have been paid, does not appear, except it appears that the eight legacies bequeathed by his brother Moses to his children have not been paid. Bernard Toch left personalty of the value of $15,750, all of which was specifically bequeathed, except a cash item of $375, and it has been distributed to the specific legatees, pursuant to the will. When Moses Toch died he and Bernard Toch were seized in fee simple of real estate, which is described in the complaint, each owning an undivided half thereof. Bernard Toch died seized of these premises, which are worth more than $75,000, one-half of which he acquired as the residuary devisee and legatee under the will of Moses Toch. This is the real estate upon which the eight legacies are charged by the judgment. The eight legacies were charged upon the real estate, as prayed in the complaint, and from this part of the judgment Jacob B. Toch and Lucius Toch, two of the defendants, appeal. The court refused to require the executors of Bernard Toch to account for the $14,000 arising as above stated, from which part of the judgment the plaintiff appeals.

*M. L. Townsend*, for plaintiff, appellant and respondent.

*Treadwell Cleveland*, for defendants, appellants and respondents.

*Louis Wertheimer*, for Henry N. Toch, defendant and respondent.

FOLLETT, J.:

This action is in equity to recover the assets of the estate of Moses Toch in the hands of the executors of Bernard Toch, who was the sole executor and residuary legatee and devisee of Moses Toch, and to charge the payment of certain legacies given by the will of Bernard Toch on his real estate. To establish the plaintiff's right to recover assets in his representative capacity, he was bound to show that their recovery was necessary for the due administration of the estate of which he was administrator. The payment of all the legacies given by the will of Moses Toch is secured by the provision of the judgment charging their equivalents on Bernard Toch's realty, pursuant to the provisions of his will, and no attempt was made to show that there were unpaid creditors of Bernard Toch, or that there were unpaid expenses of administration. It seems to us that the plaintiff failed to establish any right of recovery in his representative capacity. *Walton* v. *Walton* (1 Keyes, 15; S. C., 4 Abb. Ct. App. Dec. 512; more fully reported, 2 Abb. Pr. [N. S.] 428) is not an authority for the plaintiff's contention on this appeal that he has the absolute right to recover the assets which passed from Moses Toch to Bernard Toch. By the opinion delivered in the Supreme Court in that case, it appears that there were unadministered assets in the hands of the defendants, and that there were unpaid legacies. These two facts established the plaintiff's right to recover in that action. In the case at bar there were no unpaid legacies, and so far as it appears no debts. No equitable result would be reached by permitting the plaintiff to recover the $14,000 for the sole purpose of paying that sum back on final settlement of the estate of Moses Toch to the executors of Bernard Toch. Undoubtedly if the plaintiff and his brothers and sisters had elected not to accept the legacies in the will of Bernard Toch in satisfaction of those in the will of Moses Toch, he would have been entitled, in his representative capacity, to have recovered sufficient assets from the executors of Bernard Toch to pay those legacies.

But these legatees had the right to elect, and they have elected, to accept the provisions in the will of Bernard Toch in satisfaction of the legacies bequeathed to them in the will of their father. By asking in this action to have the legacies bequeathed to them in the will of Bernard Toch charged upon his real estate, they have elected not to regard the $8,000 as a debt due from the estate of Bernard to the estate of their father, and by the judgment they have secured the payment of those legacies. The plaintiff recovered in this action all that he was entitled to, and his appeal cannot prevail.

One of the executors of Bernard Toch and one of the beneficiaries under his will appeal from the judgment on the ground that the court erred in charging the eight legacies given by the will of Bernard Toch upon his realty. It is urged that the evidence of an intention to charge them upon the realty was insufficient to justify the conclusion drawn by the court. This contention cannot prevail. It is found as a fact, and the finding is not challenged, that Bernard Toch left personalty of the value of $15,750, the items of which are found. All of these items, except a cash item of $375, were specifically bequeathed to certain legatees, and those items have been distributed to the legatees. This left but $375 to pay the debts of Bernard Toch, if he left any, and the expenses of administering his estate. It is clear that the legacies bequeathed by the will of Bernard Toch must necessarily be paid out of the realty. When articles of personal property are specifically bequeathed they are not to be resorted to for the payment of debts, unless the property not specifically devised or bequeathed is insufficient for that purpose. If a testator bequeaths a picture, a particular bond and a sum of money deposited in a bank to three legatees, these items are not to be taken for the payment of debts, unless the remainder of the estate is found insufficient. The will of Bernard Toch gives to his executors power to sell or mortgage all of his realty, except Nos. 293 and 295 East Tenth street, for the purpose of administering his estate.

Moses Toch died April 27, 1884, and October 24, 1884, Bernard Toch executed his will, by which he provided for the payment out of his own estate of the legacies bequeathed by Moses to his children, and by his will he specifically bequeathed all of his personalty except $375. Bernard died April 14, 1886, and no change appears to have occurred between the date of his will and the date

of his death in the quantity or character of his personalty. The condition of Bernard's estate and the provisions of his will indicate an intention on his part to charge his realty with the payment of the legacies to Moses' children. He had just acquired one-half of his realty through the will of Moses, and justice and good faith required that the payment of those legacies should be secured, and every act of Bernard's shows that he intended to deal justly by his nephews and nieces and in strict accordance with the trust reposed in him by his brother. On the question as to whether Bernard intended to charge his realty with the payment of those legacies, the opinion of the learned judge at Special Term is satisfactory, and further discussion is unnecessary.

The judgment should be affirmed, without costs to any party.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, without costs to any party.