THOMAS F. NOLAN, Appellant, *v.* JOHN M. NOLAN and Others, Respondents.

(*Supreme Court, Appellate Division, Third Department, July* 1, 1915.)

WILL—CONSTRUCTION.

A testator devised and bequeathed all of his estate to his wife to be used by her for the support and maintenance of herself and children so long as she remained his widow, but in case of her remarriage, the use and control of the estate was to pass to his son Thomas who was to support and provide for the children till the youngest became of age, subject to the right of dower. It was also provided that after the death of the wife or her remarriage, if such events should occur before the youngest child became of age, all the real estate and the remaining personal property should go to Thomas absolutely, subject to the support and maintenance of the children till they reached the age of twenty-one years. The testator died, survived by a widow and nine children, and leaving both real and personal property. The widow died without remarrying, after the youngest child had become of age.

Provisions of the will examined, and *held*, that the testator did not intend to give his property absolutely to his son Thomas, unless the wife should die or remarry before the youngest child became of age;

That the remaining property should be distributed share and share alike among the surviving children.

APPEAL by the plaintiff, Thomas F. Nolan, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Franklin on the 21st day of December, 1914, upon the decision of the court after a trial before the court without a jury, and also, as stated in the notice of appeal, from the decision upon which the judgment was entered.

John M. Cantwell, for the appellant.

George J. Moore, for the respondents.

Judgment affirmed on the opinion of VAN KIRK, J., at Trial Term.

All concurred.

The following is the opinion of the court below:

VAN KIRK, J.— Michael Nolan died December 18, 1890 (twenty-four years ago), leaving both real and personal property, and leaving him surviving nine children, one of whom is the plaintiff. Two sons, Patrick H. and Charles A., have died, no widow or child surviving either. Michael Nolan also left a widow, Catherine Nolan, who died on the 13th day of August, 1913. Catherine Nolan never remarried. At the time of his death Michael Nolan was living with his wife and children on his farm in Franklin county. From time to time a child has left home and some of them have always remained with the mother to the time of her death. Plaintiff, Thomas F. Nolan, was the eldest son after the death of Patrick. Thomas remained on the farm until about ten years ago with his mother and the other children, working the farm, the mother having the direction and the proceeds of the farm. At the time of Michael Nolan's death his youngest child was about two years of age and Thomas about seventeen.

The will of Michael Nolan was duly admitted to probate in Franklin county. The sole question is the construction of paragraphs 1 and 2 of the will. The two paragraphs are as follows:

"*First.* After the payment of all my just debts I give, devise and bequeath to my wife Catherine Nolan the use, benefit and control of all the real and personal estate of which I may die possessed, to be used by her for the support and maintenance of herself and our children, so long as she remains my widow. But in case of her marriage the use and control of the said real and personal estate shall pass from her to my son Thomas Nolan, who shall support and provide for my children till the youngest

child is of the age of twenty-one years, subject to the dower right of my wife or widow.

"*Second.* On and after the death of my wife or her marriage if such events should occur before my youngest living child is of age I give, devise and bequeath to my son Thomas Nolan all of my real estate and all that remains of my personal estate to be his absolutely, subject to the support and maintenance of such child or children till they reach the age of twenty-one years."

The question is whether or not the testator has disposed of the corpus of his estate, except in the events that his wife dies or remarries before the youngest child reaches the age of twenty-one years. There are two chief purposes expressed in the will: (1) To provide for the wife while she remains his widow; (2) to provide for his young children during minority. The 1st provision (1) gives to the wife the use and control of his property during life, if she does not remarry, or, as expressed, "so long as she remains my widow;" (2) in case his widow marries before the youngest child becomes of age, transfers the "use and control * * * from her to my son Thomas Nolan, who shall support and provide for my children till the youngest child is of the age of twenty-one years." In the 2nd provision he still has in mind the care of his minor children and he provides that if the widow dies or remarries before the youngest child reaches its majority, then the absolute title goes to Thomas, subject to the support of the children during their minority.

If the language used in a will has a clear meaning, it must be accepted as disclosing the intent, and this intent must be upheld if consistent with the rules of law; the court must not construe a will contrary to the ordinary meaning of the language used upon conjecture as to intent, or upon suspicion that the testator did not understand the expressions used. (Tilden v. Green, 130 N. Y. 29; 40 Cyc. 1402.) Courts may " ' insert

or leave out provisions, if necessary, but only in aid of the testator's intent and purpose never to devise a new scheme or make a new will.' " (Leggett v. Stevens, 185 N. Y. 70, 77.) The courts are to construe, not construct. We cannot assume that the testator and the one who drafted the will did not understand the ordinary meaning of the language used or that they were ignorant of the rules of property rights. They knew, for instance, that the widow's dower must be recognized and they are presumed to have known how testator's property undisposed or by will would descend and be distributed by statute among his children. (Adams v. Massey, 184 N. Y. 62, 69.) It is true that the law favors a construction of the will which would prevent partial intestacy (Schult v. Moll, 132 N. Y. 122; Vernon v. Vernon, 53 id. 361), but only when a contrary intention is not expressed. (Matter of Disney, 190 N. Y. 128.) In this will a contrary intention is expressed in simple language. There is another rule equally positive with the last: " The law favors equality among children in the distribution of estates; and in cases of doubtful construction it selects that which leads to such a result." (Stokes v. Weston, 142 N. Y. 433, 439.) The reasonable conclusion is that the testator did not intend to give his property absolutely to his son Thomas, unless the wife Catherine should die or remarry before the youngest child attained the age of twenty-one years. Under this construction, if the burden of caring for the minor children be cast upon Thomas, he shall have the farm and personal property; a reason would exist for discriminating in his favor as against the other children. On the other hand, if no such burden falls upon him, then the property is distributed share and share alike among the surviving children or their descendants.

I have not overlooked the skill of plaintiff's counsel in suggesting another construction of the will. He urges two changes to disclose the intent. He inserts a clause in parenthesis, so that the latter part of the 1st paragraph would read

as follows: " But in case of her marriage, the use and control of the said real and personal estate shall pass from her to my son Thomas (by and in the manner provided in the next paragraph), who shall support and provide for my children till the youngest child is of the age of twenty-one years." And in the 2d paragraph he strikes the letter " s " from " events," making it read, " On and after the death of my wife, or her marriage, if such event should occur before my youngest living child is of age, I give, devise and bequeath to my son Thomas Nolan all of my real estate and all that remains of my personal estate, to be his absolutely, subject to the support and maintenance of such child or children till they reach the age of twenty-one years." As to the change in the 1st paragraph, the plaintiff says the gift of the use and control was not an estate for life or part of his life, but was a reference to or anticipation of the absolute gift made in the 2d paragraph. By this contention the plaintiff seeks to avoid the inconsistency between the 1st and 2d paragraphs of the will, one giving the use and control to Thomas upon the happening of a certain event, and the other giving the absolute title upon the happening of the same event. By accepting this construction (and the language permits it) we arrive at the same result reached under the rule: where there is an irreconcilable inconsistency between two provisions of a will, effect will be given to the later in preference to the earlier clause, as being the latest expression of the testator's intention. (Adams v. Massey, 184 N. Y. 62; Van Vechten v. Keator, 63 id. 52.) But I do not think the change suggested in the 2d paragraph (striking out the " s ") should be accepted. There is nothing in the will indicating an intention upon the part of the father to dispose of the corpus and to make a preference among his children, except upon the happening of the events named. The language is simple, its ordinary meaning clear, and we are not at liberty to assume he did not understand its meaning.

In considering this will, it must be remembered that it speaks as of the time of the testator's death, twenty-four years ago. What has happened since was necessarily unknown to him at the time. He did know that, if he died then, he would leave young children to be cared for; also his widow. While she remained his widow, he meant she should be cared for, and, while his children remained minors, he meant they should be cared for; and I can discover no reason existing at the time why that solicitous care he felt for his minor children should not extend to the distribution of his estate, except the one above mentioned. It is true that, if the widow remarried, or died, shortly before the youngest child became of age, the reward would seem large; but if Thomas was to enjoy the benefits provided for him under the will, he was restricted from other undertakings and occupations and must at all times hold himself in readiness to comply with the terms of the will. Thomas did remain on the farm and served his mother faithfully for thirteen years, till he was about thirty years of age. The court, therefore, if at liberty to make a fair distribution of the estate, would be inclined to make him some allowance for services, but the court must confine itself to construing the will; it cannot make a new will. The present will, construed as above, complies with the intent of one " desirous of making an equitable and proper disposition of my property at my decease." It provides for the support of his widow and minor children, and, as the events have occurred, leaves the remainder equally to his children, the natural objects of his bounty. This the law favors.

A decision may be prepared in compliance with the stipulation of the parties and with this memorandum.