In the Matter of the Estate of HYMAN ROTHMAN, Deceased.

Surrogate's Court, Kings County, June 25, 1931.

*David S. Wolfson,* for the petitioners.

*Joseph E. Keenan,* special guardian for Emanuel Rothman, an infant.

*Miles F. McDonald,* special guardian for Herbert Wienblatt, Mae Wasserman and others, infants.

WINGATE, S.   The legacy in the " second " item of the will for defraying the educational expenses of Emanuel Rothman is a general legacy for a specific purpose and is, therefore, classifiable as a mere general legacy. (*Wetmore* v. *St. Luke's Hospital,* 56 Hun, 313, 321; *Matter of Hinman,* 32 Misc. 536, 538; *Matter of Werrick,* 135 id. 876, 877; *Matter of Smallman,* 138 id. 889, 904; *Crawford* v. *McCarthy,* 159 N. Y. 514, 518, 519.)   All of testator's realty is specifically devised, and it is elementary that the subject-matter of specific bequests or devises will not abate in favor of general legatees but only for payment of debts or funeral and

administration expenses. (*Taylor* v. *Dodd*, 58 N. Y. 335, 349; *Matter of Smallman*, 138 Misc. 889, 898.) (See, also, *Matter of Hackett*, 130 id. 339; *Toch* v. *Toch*, 81 Hun, 410, 414.) There is no personalty in the estate from which the debts and expenses can be paid, so that as an *a fortiori* matter, there is nothing from which the legacy to Emanuel Rothman can be paid. The specifically devised real estate must, of course, be sold or mortgaged for the satisfaction of debts, funeral and estate expenses, but even when this is done, the proceeds retain for purposes of devolution, the nature of real estate and pass to the widow for life with remainder over, as directed in items " fifth " and " sixth " of the will. While this is unquestionably so, the same result would be reached had the will directed an equitable conversion so as to make such proceeds personalty, since the gift to the widow, being in lieu of dower would be preferred over the legacy to Emanuel (*Matter of Smallman*, 138 Misc. 889, 906, and cases cited), while the gift of the remainder on her death or remarriage is again a specific legacy. (*Matter of Smallman*, 138 Misc. 889, 912, 916.)

While, therefore, it is necessary and proper on the facts shown to exist, that the specifically devised real estate should be mortgaged or sold for the payment of the debts and funeral and administration expenses, no part of such proceeds may be used for the payment of Emanuel's legacy which must abate in its entirety.

Proceed accordingly.