In the Matter of the Judicial Accounting of BROOKLYN TRUST COMPANY, as Executor, etc., of WILLIAM T. BARR, Deceased.

BROOKLYN TRUST COMPANY, as Executor, etc., of WILLIAM T. BARR, Deceased, and Others, Appellants; THEODORE G. CLARKE, as Special Guardian, etc., Respondent.*

Second Department, July 22, 1931.

*Edward A. Ingraham* [*George S. Ingraham* with him on the brief], for the appellants.

*Walter J. A. Mack,* for the special guardian, respondent.

HAGARTY, J. This proceeding for the judicial settlement of the account of the Brooklyn Trust Company, as executor of the last will and testament of William T. Barr, deceased, involves the construction of the testator's will.

The question at issue involves the 2d paragraph of the residuary clause of the will. The testator, having devised and bequeahed his residuary estate to his executor in trust for the benefit of his widow during her lifetime, then provided: " At the decease of my wife, or at my decease if I outlive my wife, I give, devise and bequeath my residuary estate to my nephews and nieces then living and the issue of any nephew or niece then living, *per stirpes* and not *per capita.*"

The executor contends that this clause should be construed to read as though the word " not " were inserted between the words

" niece " and " then living," immediately preceding the phrase " *per stirpes* and not *per capita*."

The special guardian for the infants assumes the position that the language of the will as written is plain, simple and direct, and that the insertion of the word " not " in the construction of the language might possibly be detrimental to the interests of the infants.

The learned surrogate held against the construction sought by the executor, on the ground that no ambiguity exists, but recognizes the fact that the clause used is unusual and the insertion of the word " not " makes a usual clause. In my opinion, a logical construction compels the acceptance of the executor's claim.

The interested parties are a niece, Elizabeth Barr Bliss, and three nephews of the decedent, Frank Seymour Barr, Thomas Turner Barr, Jr., and William Manning Barr, and the issue of the nephews, Henry Brewster Barr and Elizabeth Manning Barr, children of Frank Seymour Barr, and Nancy Hamilton Barr and Mary Chilton Barr, children of William Manning Barr.

The questions here involved may be stated briefly as follows:

1. In case any nephew and his issue survive testator's widow, shall both the nephew and his own issue share in the estate, or shall only the nephew share?

2. In case any nephew predeceases the testator's widow, but leaves issue surviving the widow, shall such issue be cut off from all share in the estate?

It is clear to my mind that it was the intention of the testator to bequeath his residuary estate to such of his nephews or nieces as might be living at the time of the death of his wife, and if any of them predeceased his wife, leaving issue, then to the issue of such deceased nephew or niece, *per stirpes* and not *per capita*.

The language is usual in form, except that the word " not " was inadvertently omitted. The language " to my nephews and nieces then living and the issue of any nephew or niece then living " is inconsistent with the provision " *per stirpes* and not *per capita*." Under a literal construction, the remaindermen on the one hand are to be the nephews and nieces then living, and, on the other hand, the then living issue of these very nephews and nieces. Provision is not made for the issue of any deceased nephew or niece, and yet the division is to be " *per stirpes* and not *per capita*." A *per stirpes* distribution of property ordinarily provides an index for determining the proportions to be given to each relative. If, however, in the case before us, a nephew and also his own issue are to share, no index is provided for such determination as between the nephew and his own issue.

The meaning of "*per stirpes* and not *per capita*," as defined by the authorities, excludes the idea of the father and child, or ancestor and heir, living concurrently. For instance: "Where a distribution of property amongst a CLASS embracing descendants 'is to be *per stirpes*, the principle of representation will be applied through all degrees, children never taking concurrently with their parents * * *.'" (3 Stroud Judicial Dict. [2d ed.] p. 1451.) Again: "Per stirpes. By roots; by stocks; by right of representation. This is a term of the civil law, but is much used in the modern law of distribution and descent, indicating the mode of division in which parties entitled take each the share which their stock (a father or other ancestor), if living, would have taken; taking by right of representation, and not according to their number as individuals. The phrase is usually contrasted with *per capita*." (2 Abb. Law Dict. p. 265.) (See, also, Words and Phrases Judicially Defined, vol. 7, part 2, p. 6659; Words and Phrases, Third Series, vol. 5, p. 935.) The direction, therefore, for any living nephew or niece and his or her own issue to take at the same time is necessarily inconsistent with the direction for distribution to be "*per stirpes* and not *per capita*."

Further, had the testator intended to leave his estate both to his nephews and nieces living at the death of his widow and to their issue then living, he would not have repeated the words "nephew or niece" as he did, viz., "to my nephews and nieces then living and the issue of any nephew or niece then living." His natural expression would have been "to my nephews and nieces then living and their issue then living." It follows that if the testator's intention had been to leave the remainder to the living nephews and nieces and the issue of nephews and nieces then deceased, it would have been natural and necessary to repeat the words "nephew or niece" in such language as "to my nephews and nieces then living and the issue of any nephew or niece not then living." With the insertion of the word "not," the words "*per stirpes* and not *per capita*" are in harmony with the previous words.

In my opinion, it would have been unnatural for the testator to have intended to exclude the issue of a nephew, or possibly his niece, for the reason that such nephew or niece did not happen to survive his widow, and to include the issue of a nephew or niece for the reason that such nephew or niece survived the widow. The natural application of the *per stirpes* clause was to express a division which would treat the various families of nephews and nieces equally. The testator did not say that the division should be partly *per capita* and partly *per stirpes*. While at the present time there is no issue of any deceased nephew or niece of the testator, it is justifiable to take into consideration that the testator must have

intended language which would meet the situation in the event of any nephew or niece dying prior to the death of the testator's widow and leaving issue surviving the widow.

Let us assume that the words "*per stirpes* and not *per capita*" be so limited in the construction of this will that if a nephew or niece should not be living at the death of the widow none of the issue of such deceased nephew or niece should share. It is possible to conceive that each nephew and the niece might predecease the the widow, leaving issue. In such event an entire intestacy would result, in spite of the existence of issue of the nephews and niece. A construction resulting in intestacy, or possible intestacy, is, of course, to be avoided.

Following the literal construction to its logical conclusion, it necessarily follows that, if the nephews and their children and the niece, all parties now before the court, survive the decedent's widow, then each nephew and each of his children and the niece would receive an equal share, which would be a distribution *per capita*. In the event of the death of one of the nephews, leaving children, such children would receive no share and the others would each receive a one-fifth, which distribution also would be *per capita*. But such distribution is contrary to the terms of the will. Is it not more reasonable and logical to assume that the testator, or the scrivener of the testator's will, inadvertently omitted the word "not," which would not only transform the clause in question from an unusual one to a usual one, but make the distribution equitable and consistent with all the expressions of the will and with well-recognized rules of construction?

For the insertion of a word in a will to complete the construction, which results in carrying out the obvious purpose and expressing the real intention of the testator, we are not without authority. (*Phillips* v. *Davies*, 92 N. Y. 199; *Williams* v. *Petit*, 138 App. Div. 394; *Walter* v. *Ham*, 68 id. 381.)

So much of the decree of the Surrogate's Court of Suffolk county as literally construes the 2d paragraph of "Fifth" of the will should be reversed upon the law, with costs to the appellants and to the special guardian, payable out of the estate, the construction advanced by appellants adopted, and the paragraph in question construed to mean that upon the happening of the events stated the testator's residuary estate is given, devised and bequeathed to his nephews and nieces then living and to the issue of any nephew or niece not then living, *per stirpes* and not *per capita*.

KAPPER and CARSWELL, JJ., concur; LAZANSKY, P. J., and DAVIS, J., concur in result, with the following memorandum: The words "*per stirpes*" mean that descendants take among themselves the share a deceased parent would have taken if living.

The use of these words by the testator indicates he was considering the issue of a nephew or niece in the light of possible death of the parent of such issue before the time of division. It also appears that the testator was considering issue as well as nephews and niece as living at the time of division. Under these circumstances it does no violence to the language used and accords with evident intention to read the clause of the will under consideration as follows: "At the decease of my wife, or at my decease if I outlive my wife, I give, devise and bequeath my residuary estate to my nephews and nieces then living and the issue then living of any nephew or niece, *per stirpes* and not *per capita*" (meaning that the issue of a deceased nephew or niece shall take among themselves the share of the deceased parent).

So much of the decree of the Surrogate's Court of Suffolk county as literally construes the 2d paragraph of " Fifth " of the will reversed upon the law, with costs to the appellants and to the special guardian, payable out of the estate, the construction advanced by appellants adopted, and the paragraph in question construed to mean that upon the happening of the events stated the testator's residuary estate is given, devised and bequeathed to his nephews and nieces then living and to the issue of any nephew or niece not then living, *per stirpes* and not *per capita*.