In the Matter of the Petition of OTTO HERBORN, Respondent,
to Render and Settle His Account as Surviving Executor of
LOUISA SCHULZ, Deceased.

AUGUSTA AMBS, Appellant; DORA SCHULZ and AUGUSTA
AMBS, as Administratrix, etc., of LOUISA AMBS, Deceased,
Respondent.

Second Department, November 7, 1919.

Will construed — specific legacies chargeable upon whole estate
and other legacies chargeable upon remainder — power of court
to instruct executor — when legacies chargeable upon realty —
abatement — will providing for two classes of legacies — when
legacies do not abate equally.

Where a testatrix gave specific legacies to her husband and other beneficiaries
with income from the whole estate to the husband for life, with a proviso
that upon his death certain legacies should be paid from the remainder to
specified beneficiaries and gave the balance of the remainder to certain
remaindermen with power in the executors to sell real estate, and it
appears that although the legacies payable out of the remainder amounted
to over $11,000 the personal estate of the testatrix at the time of drawing
the will was less than $400, it was properly determined by the surrogate
that the specific legacies in the first portion of the will were chargeable
upon the entire estate including the realty.

Where an executor seeks instructions as to the payment of legacies under a will the Appellate Division has power to pass upon the question.

Under the will aforesaid owing to the inadequacy of the personal estate at the time of the execution of the will the legacies payable out of the remainder should also be chargeable upon the whole estate.

But under the will aforesaid the "remainder" out of which the specific legacies were to be paid after the death of the life tenant did not mean remainder in a strict legal sense of that term, but was intended to describe the property which was left over after other payments had been made, and hence the legacies payable under the first clauses of the will do not abate equally with those payable out of the remainder where the estate is insufficient to pay in full. The testatrix intended to create two classes of legacies, one chargeable upon the estate and the other upon the residue of the estate, and this principle is not affected by the fact that the legacies charged upon the residue are of specific amounts.

APPEAL by Augusta Ambs, contestant, from a decree of the Surrogate's Court of the county of Kings, entered in the office of said Surrogate's Court on the 11th day of April, 1919, construing the will of Louisa Schulz, deceased.

*W. H. Janes* [*William Grant Brown* with him on the brief], for the appellant.

*James T. Hallinan* [*M. Strassman* with him on the brief], for the respondent Dora Schulz.

*Theodore Blum,* for the respondent Augusta Ambs, as administratrix of Louisa Ambs, deceased.

JENKS, P. J.:

This appeal presents a rehearing pursuant to our judgment in 187 Appellate Division, 938. The appellant now confines her contention to propositions thus stated by her: that the legacies of the will were payable out of the proceeds of the property and were specific to that extent; that they were all of like character, contributed among themselves, and that all abate ratably.

After the usual provision for debts and for personal expenses and the bequest of personal chattels, the testator provided: " *Eighth.* I give and bequeath to my husband Eugene Schulz, the sum of Eighteen Thousand ($18,000.00) Dollars. *Ninth.* I give and bequeath unto my grand Niece Louisa Ambs the sum of One Thousand ($1,000.00) Dollars. *Tenth.* I give

and bequeath the sum of Three Hundred Dollars to my Executors, to keep my grave in repair and proper condition. *Eleventh.* I give and bequeath the use, income and benefit of my remaining Estate both Real and personal to my husband Eugene Schulz during his natural life. *Twelfth.* Upon the death of my husband, I direct the remainder of my Estate to be divided as follows: 1st. To my Niece Augusta Ambs I give Five Thousand Dollar [*sic*], or to her issue if she should die before such an event." Then follow six subdivisions that provide for legacies to fifteen different persons, which legacies vary from $1,000 to $500 each, and which aggregate $11,500. " *Thirteenth.* All the rest, residue and remainder of my Estate after the death of my said husband, shall go to and I hereby bequeath and give the same to Emma Herborn and Augusta Ambs. *Fourteenth.* I give hereby unto my Executors full power and authority to sell and convey any portion or all of my Real Estate and give full and proper conveyance thereof."

Upon this trial it is established that the testator left only $366 in personalty, and that this was the amount of such property at the time of the execution of the will. The estimated market value of the real estate was about $71,000 subject to mortgages of about $50,000. The learned surrogate has decreed that legacies provided in the 8th, 9th and 10th clauses of the will must be charged upon the entire estate, but did not consider the legacies provided for in the 12th clause for the express reason that the question remitted by this court did not embrace them.

The first contention of the appellant, then, is not against the determination of the surrogate, but would extend it to the legacies of the 12th clause. The executor sought instruction as to all of the legacies in the will, and I think this court has power to pass upon this question. (*Robinson* v. *Raynor,* 28 N. Y. 494; *Matter of Rogers,* 10 App. Div. 593; Code Civ. Proc. § 2763.) I am of opinion that the contention should prevail for the same reasons that apply to the legacies in the 8th, 9th and 10th clauses. The total inadequacy of personalty of $366 at the time of the execution of the will indicates that unless the testator sought to mock at her relatives, she must have intended that the legacies specified by her to the amount

of $35,800 were to be paid out of her entire estate. (*Ely* v. *Megie*, 219 N. Y. 112; *Richardson* v. *Richardson*, 145 App. Div. 540–543.)

I do not yield to the further contention of the appellant. In concrete form it is that the legacies provided in the 8th, 9th and 10th clauses must abate equally with the legacies provided in the 12th clause. The scheme of the will provides for the legacies of the 8th, 9th and 10th clauses out of the estate intact. But thereafter the scheme but regards " my remaining Estate " first to be charged with the life estate, and then, upon the termination thereof, the " remainder of my Estate," which is to be " divided " into the legacies which are specified in the 12th clause and its said subdivisions. Remainder means that which is left after some separation or subtraction. I think the word " remainder " was used, not in the strict legal sense of the term, but to describe that which was left after something had been taken from the estate. As to like use and construction of the word, or a word equipollent, see *McCorn* v. *McCorn* (100 N. Y. 511, 514); *Chase* v. *Cartright* (53 Ark. 365); *Hubbard* v. *Hubbard* (6 Met. 50); *Hoyt* v. *Hoyt* (85 N. Y. 150, 151); *United States Trust Co.* v. *Black* (146 id. 10, 11). If the legacies in the 12th clause are to be charged like unto those in the 8th, 9th and 10th clauses, then the latter are not charged upon the *remaining* estate but upon the estate. If the legacies in the 12th clause are in the same category as those in the 8th, 9th and 10th clauses, then they are to be charged, not upon the estate, but upon the *remaining* estate. Either construction does violence to the plain language of the will. Further, the expression " remaining Estate " is meaningless unless there be some deduction, and yet there is no deduction unless it be the legacies of the 8th, 9th and 10th clauses. The legacies are of two classes; those in the 8th, 9th and 10th clauses are a charge upon the estate and those in the 12th clause upon the remainder or residue of the estate. Wherefore there is no abatement common to both classes of legacies. (Roper Legacies, chap. VII, § 1, *428, *429, *et seq.* See, too, 1 Am. & Eng. Ency. of Law [2d ed.], 42; *Matter of Title Guarantee & Trust Co.*, 195 N. Y. 339; *Thompson* v. *Thompson*, 3 Dem. 409; *Langstroth* v. *Golding*, 41 N. J. Eq. 53; *Hubbard* v. *Hubbard, supra*, 63.) To my

mind, the principle is not affected by the fact that the legacies charged upon the remainder of the estate are of specific amounts. The testator may have erred in estimation of the amount of her remaining estate, but that affords no indication of her intent that charges thereon should be increased at the expense of the charges upon the entire estate. Moreover, in the case at bar, the remaining estate devoted to the payment of the legacies in the 12th clause is postponed for the life estate, and the testator may have estimated that upon the termination of the life estate the realty would be of increased value. The controlling fact is that the testator contemplated two different estates. And there is no indication of any intention that the general legatees should suffer for the benefit of the legatees of the "remaining Estate."

The cases mainly relied upon by the learned counsel for the appellant may be discriminated in that the legacies in each case were chargeable upon the same estate or fund. Thus in *Van Nest* v. *Van Nest* (43 N. J. Eq. 126) the direction was that, of $1,300, T. should have $500 and the remaining $800 to be equally divided among others; that is, all were to be paid out of the same fund — $1,300, and so all abated. The decision in *Van Nest's* case turns upon *Page* v. *Leapingwell* (18 Ves. 463) — also largely relied upon by the appellant. In *Page* v. *Leapingwell* the legacies of £7,800 and the overplus both were charged upon the estimated fund of £10,000. In *Elwes* v. *Causton* (30 Beav. 554) the charges were all upon £3 per cent bank annuities. In *McCorn* v. *McCorn* (*supra*) the testator bequeathed $1,000 to his wife and to his son Moses $400, and the rest of the property was divided equally between certain persons, and the court but held that the widow was not entitled to full payment to the exclusion of the son.

The decree is amended in accord with this opinion, and as amended is affirmed, without costs of this appeal.

MILLS, RICH, KELLY and JAYCOX, JJ., concurred.

Decree of the Surrogate's Court of Kings county amended in accord with opinion, and as amended affirmed, without costs of this appeal.