## In the Matter of the Estate of ADAM UHL, Deceased.

Surrogate's Court, Queens County, April 30, 1940.

*William H. Brunjes*, for John P. Puvogel, John Uhl and Henry W. Uhl, petitioners.

*Edward B. Margolies* and *Matthew H. Brandenburg*, for Marie J. Flandina and George L. Reichert, etc.

*Charles Margett*, special guardian.

HETHERINGTON, S. The testator died on May 28, 1939, at the age of seventy-nine years. His nearest relatives were nephews, nieces, grandnephews and grandnieces. His will, executed on July 23, 1936, has been admitted to probate. At the time of its making, testator owned a single parcel of realty, occupied by him as a residence, of the value of $6,000, and personal property amount-

ing to $17,854.71. His estate, at death, consisted of personalty of $15,397.58 and the aforementioned realty.

After providing for the payment of his debts and funeral expenses, testator gave a legacy of $800 in trust to Mt. Olivet Cemetery for the care of his grave. This was followed by a specific devise of his dwelling house, known as No. 84-04 Fifty-fourth avenue, Elmhurst, to his beloved niece, Mary Reichert, together with a gift of the contents. In the next and fourth paragraph, he gave cash legacies of $1,500 each to a nephew and two nieces as well as legacies of $500 each to two other nephews. Legacies totaling $13,700 were then given to his friends, twenty-nine in number. A grandniece was favored with a legacy of $300. In disposing of his estate he did not overlook his church and two charitable corporations to whom he gave the sum of $500 each. In the fifth paragraph he left his residuary estate to his beloved niece, Mary Reichert, the specific devisee of his real estate. His personal estate is insufficient to pay the pecuniary legacies aggregating $21,800. This fact has prompted the executors to institute this proceeding in which they ask that the legacies be adjudged to be charges upon the realty specifically devised. If the will dictates such a determination, Mary Reichert, the specific devisee and residuary legatee, would receive no benefit thereunder. On the other hand, if the legacies are held not to be charged upon the realty, it is quite possible that testator's friends and remaining relatives will receive approximately sixty per cent of their respective legacies.

No case has been called to my attention which has charged the payment of general legacies upon realty specifically devised. A devise of a specific parcel of real estate imports an intention not to have the gift abate. (*Matter of White*, 125 N. Y. 544, 551; 2 Davids New York Law of Wills, § 1083, p. 1640; *Matter of Hall*, 144 Misc. 264.) Where a charge has been imposed, the real estate affected was that disposed of by the residuary clause. (*Matter of Lilienthal*, 139 Misc. 225, 229 *et seq.*; *Carley* v. *Harper*, 219 N. Y. 295, 303; *Forster* v. *Civill*, 20 Hun, 282; *Matter of Pettit*, 6 Dem. 391; *Kalbfleisch* v. *Kalbfleisch*, 67 N. Y. 354.) In 3 Williams on Executors and Administrators ([7th Am. ed.], p. 116) the rule is stated as follows: " It may here be mentioned that where there is a specific devise or a specific legacy, the presumption is that the testator intended that the devisee or legatee should have it in its integrity: Therefore a general charge of particular legacies on the whole real and personal estate will not be allowed to operate as a charge in derogation of such specific devises or legacies." In *Spong* v. *Spong* (3 Bligh [N. S.], 84, 105), Lord MANNERS said: " a

testator by specifically devising or specifically bequeathing any part of his property, intends as between the objects of his bounty to separate that part of his property from the rest, and that it should not be subject to the provisions and operation of his will." (See 2 Jarman on Wills [6th Am. ed.], p. 552.) In the absence of an express direction or language from which it may reasonably be inferred that the testator intended to impose a charge, real estate specifically devised cannot be resorted to for the payment of general legacies. (See *Matter of Rothman*, 140 Misc. 597.) However, it is urged that the eighth paragraph supports the charge urged. By its terms the executors were given a general power of sale of the whole or any part of testator's real or personal estate with specific authority to take back a purchase-money mortgage for a portion of the purchase price. Following this grant, the will provides as follows: " The bequests herein contained are hereby made charges against the proceeds of such management, mortgages, leases or sales." If this provision imposes a charge upon the real estate specifically devised, the testator has completely nullified the prior gift. The will gives evidence of an intent to favor Mary Reichert. Not only did he give her his residence and its contents, but testator also made her his residuary legatee. As such she takes nothing. If the land is sold to pay the legacies, she will be completely disinherited. Strangers would thus be preferred to one whom he twice referred to as his " beloved " niece. Relatives in the same degree, although less favored, would take to her exclusion. Inequality among classes would result, instead of equality. Such result does not appear to me to reflect the intention of the testator. The prior devise of the realty evidenced an intent that she should have the realty, and from the gift of its contents it may be reasonably inferred that testator intended or expected she would occupy it. If he intended that it should be sold to pay legacies, there was no object in making a specific devise of it. The provision relied upon is not as clear as the language of the devise and, in my judgment, should not have the effect of cutting down or diminishing the effect of the prior absolute gift. Furthermore, in the absence of a charge, strangers and less favored relatives will receive a substantial portion of their legacies. A result which would exclude the most favored should be avoided. I do not think the will supports the position taken by the executors. In my opinion the realty specifically devised is not charged with the payment of the general legacies. Let a decree be entered accordingly.