In the Matter of the Judicial Settlement of the Account of Proceedings of EDNA W. BAUER and IRVING S. OTTENBERG, as Executors, etc., of FRANK M. BAUER, Deceased, and for a Construction of the Will.

EDNA W. BAUER, Individually, EDNA W. BAUER and IRVING S. OTTENBERG, as Executors, etc., of FRANK M. BAUER, Deceased, MARGARET COLEMAN, Dr. EHRICH LOEWENSTEIN, JOHN COFFEY, JOHN VOLLRATH, CHARLES RAWSON and MILDRED ANDERSON, Appellants; ANNIE E. HELCK and MARY L. HELCK, Legatees, Respondents.

Second Department, April 20, 1942.

*J. George Levy,* for the appellant Edna W. Bauer, individually.

*Max E. Sanders* [*David L. Shandalow* with him on the brief], for the appellants Coleman, Loewenstein, Coffey, Vollrath, Rawson and Anderson.

*Richard Steel,* for the respondents.

PER CURIAM. Appeal from a decree of the Surrogate's Court, Queens County, construing a will so as to provide that a general legacy is entitled to priority over specific legacies.

Testator died at the age of sixty-four, a little over two months after the execution of his will. He left him surviving a wife, who was his second (the marriage having taken place six months before his death), his first wife having died one year and nine months before his death. After providing for the payment of debts and funeral expenses, bequeathing $1,500 to a cemetery for the maintenance of his plot, and making bequests of specific articles of personal property, testator by his will gave to two aunts (half sisters

of his mother) the sum of $20,000, and gave of his stock in a corporation, of which he was practically sole owner, forty-two per cent to employees of the corporation and fifty-eight per cent to his wife. At the time of the execution of the will, as well as at the time of his death, testator had about $1,500 in cash, a lot in California of little value, $1,500 in other personal property, and the shares in his corporation, valued at $69,300. There was no substantial amount of property out of which to pay the $20,000 to his two aunts unless there was to be an invasion of the specific legacies. The net estate, after payment of debts, administration expenses, and the legacy to the cemetery, approximated $45,000. The surrogate has held that the general legacies should be paid first because " The relationship, circumstances and regard held by testator for his aunts indicate his intention to make preferential provision for them." There is no appeal as to the legacy to the cemetery, which the surrogate held should be preferred.

This is not a case of abatement among general legacies, where there may be preferences. (*Matter of Cameron*, 278 N. Y. 352.) The question to be decided is: May general legacies be charged against specific legacies where there is no specific direction or directions to that effect implied from language used in the will?

No direct authority has been disclosed. The general rule as to the status of specific legacies is stated as follows: " As a general rule, specific gifts abate only in case of a failure of the general personal estate to discharge the testator's debts. Preference over general legacies is given to a specific legacy and to a demonstrative legacy. The theory is that the testator, in severing particular parts of his estate from the rest and bequeathing them specifically, may be presumed to have intended to have these gifts preferred to others." (2 Davids on New York Law of Wills, § 1082, citing *Taylor* v. *Dodd*, 58 N. Y. 335, 349, and *Matter of Smallman*, 138 Misc. 889, 895.) It has been decided that, where there are insufficient funds with which to pay general legacies at the time of the execution of the will and at the time of death, the general legacies may be a charge or lien on the realty *included within a residuary clause* (*McCorn* v. *McCorn*, 100 N. Y. 511), but not on a specific devise (3 Butler's New York Surrogate Law and Practice, §§ 2111–2122), unless by express direction or by language from which such direction may be inferred. (*Matter of Uhl*, 174 Misc. 438; *Matter of Smallman*, *supra*; *Smith* v. *Atherton*, 54 Hun, 172; *Matter of White*, 125 N. Y. 544; 2 Jarman on Wills [6th ed.], p. 552.) It has been indicated that the same rule holds for specific bequests as against general bequests as for specific devises against general devises. (*Matter of Uhl*, *supra*, citing from 3 Williams on Executors and Adminis-

trators [7th Am. ed.], p. 166; *Matter of Rothman*, 140 Misc. 597; 2 Jarman on Wills, *supra*.) Specific bequests are not chargeable with debts if there be another source, viz., the residuary, out of which the debts may be paid. (*Taylor* v. *Dodd, supra*, at p. 349.)

Although the gift of $20,000 to the aunts seems to have been really intended as such " unless the testator sought to mock " his aunts (*Matter of Herborn*, 189 App. Div. 319, 321), yet, in the absence of language indicating or from which it may be inferred to the contrary, it must be held that the specific legacies are adamant to invasion by the general legacies.

The decree of the surrogate should, therefore, be modified on the law as follows: (1) By inserting in the third ordering paragraph thereof between the words " that it was " and the words " the intention," and also between the words " said legacies are " and the words " entitled to payment," the word " not;" (2) by striking out the fourth ordering paragraph; (3) by striking from the fifth ordering paragraph everything after the figures " $157.50," and by inserting in place thereof a direction that appellants Edna W. Bauer, the executors, and the six employee-legatees have costs and disbursements, payable out of the estate, and that the attorneys for appellants Edna W. Bauer, the executors, and the six employee-legatees have an allowance, to be made by the surrogate. As thus modified, the decree, in so far as appealed from, should be affirmed, and the matter should be remitted to the Surrogate's Court to enter a decree accordingly, with costs in this court to each of the parties filing a brief, payable out of the estate.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ.

Ordered accordingly.
Settle order on two days' notice.