In the Matter of the Will of FRANK M. BAUER, Deceased.

ANNIE E. HELCK et al., Appellants.

EDNA W. BAUER, Individually, et al., Respondents.

Argued October 19, 1942; decided December 3, 1942.

*Richard Steel* for appellants. As a matter of law, it must be presumed that the testator intended the legacy under paragraph fourth to be paid in full. (*Matter of Pennock,* 285 N. Y. 475; *Matter of Neil,* 238 N. Y. 138; *McManus* v. *McManus,* 179 N. Y. 338; *Matter of Anderson,* 143 Misc. Rep. 250.) Testator intended to charge his entire estate with the payment of the legacies bequeathed under paragraphs third and fourth of the will. (*Matter of Herborn,* 189 App. Div. 319; *Matter of O'Brien,* 170 Misc. Rep. 792; 258 App. Div. 1044; 284 N. Y. 604; *Richardson* v. *Richardson,* 145 App. Div. 540; *McCorn* v. *McCorn,* 100 N. Y. 511.)

*J. George Levy* for Edna W. Bauer, individually, respondent. The Appellate Division properly held as a matter of law that the Surrogate erred in granting priority to appellants' general legacies over respondents' specific legacies in the absence of any language in the will revealing such intention to prefer, either expressly or by implication. (*Matter of Dooley,* 154 Misc. Rep. 743; *Matter of Silsby,* 229 N. Y. 396; *Matter of Smith,* 254 N. Y. 283; *Matter of Selner,* 261 App. Div. 618; *Chase Nat. Bank* v. *Chicago Title & Trust Co.,* 164 Misc. Rep. 508; *Richardson* v. *Hall,* 124 Mass. 228; *Miller* v. *Huddleston,* 3 Mac. & G. 513; *Towle* v. *Swasey,* 106 Mass. 100; *Matter of Cameron,* 278 N. Y. 352; *Matter of Weed,* 213 Wis. 574.) The Appellate Division properly held as a matter of law that the rule authorizing a preference on the ground of dependency or consideration applies only in the case of abatement of general legacies. This rule cannot be invoked here since respondents' legacies were specific. (*Matter of Cameron,* 278 N. Y. 352; *Matter of Neil,* 238 N. Y. 138; *Bliven* v. *Seymour,* 88 N. Y. 469; *Taylor* v. *Dodd,* 58 N. Y. 335; *Prager* v. *N. J. Fidelity & P. G. Ins. Co.,* 245 N. Y. 1.) The Appellate Division properly held as a matter of law that in the absence of express or implied provision in the will to the contrary, respondents' specific legacies should not abate for the benefit of appellants' general legacies. (*Fries* v. *Osborn,* 190 N. Y. 35; *Matter of Uhl,* 174 Misc. Rep. 438; *Winner* v. *Carroll,* 169 Wash. 208; *Hibler* v. *Hibler,* 104 Mich. 274; *Spong* v. *Spong,* 3 Bligh N. S. 84; *Conron* v. *Conron,* 7 H. L. Cases 168.)

*Max E. Sanders* and *David L. Shandalow* for Margaret Coleman et al., respondents. Preference may not be granted to the appel-

lants' general legacies resulting in an abatement of the respondents' specific legacies. (*Matter of Security Trust Co.*, 221 N. Y. 213; *Matter of Beecroft*, 146 Misc. Rep. 344; *Matter of Werle*, 91 Misc. Rep. 398; *Matter of Cameron*, 278 N. Y. 352; *Matter of Malone*, 143 Misc. Rep. 657; *Matter of Smallman*, 138 Misc. Rep. 889; *Matter of Crouse*, 244 N. Y. 400; *Matter of Baker*, 157 Misc. Rep. 904; *Matter of Hochster*, 166 Misc. Rep. 621; 256 App. Div. 844.) The testator did not express or imply an intent to prefer the appellants over the respondents or to charge their legacy against the entire estate. *Matter of Weaver*, 253 App. Div. 24; 278 N. Y. 605; *Matter of Watson*, 262 N. Y. 284; *Matter of Skidmore*, 148 Misc. Rep. 569; *Matter of Durand*, 250 N. Y. 45; *Matter of Silsby*, 229 N. Y. 396; *Matter of Levy*, 160 Misc. Rep. 394; 252 App. Div. 816; *Matter of Smith*, 254 N. Y. 283; *Matter of Selner*, 261 App. Div. 618; *Matter of Pennock*, 285 N. Y. 475; *Matter of Lloyd*, 166 App. Div. 1; *Matter of Neil*, 238 N. Y. 138; *Matter of Tuozzolo*, 141 Misc. Rep. 251; *Matter of Brewster*, 144 Misc. Rep. 888.) The expressed intention of the testator was to prefer the respondents. (*Matter of Hochster*, 166 Misc. Rep. 621; 256 App. Div. 844; *Matter of Hopner*, 148 Misc. Rep. 748; 242 App. Div. 652; *Matter of Durand*, 250 N. Y. 45; *Matter of Oakley*, 157 Misc. Rep. 463.)

LEHMAN, Ch. J. The testator, Frank M. Bauer, died on July 20, 1938. His will, admitted to probate on July 23, 1938, was executed on May 5, 1938, less than three months before his death. In the third paragraph of his will the testator bequeathed to a cemetery the sum of $1,500, the income of which is to be used for the care and maintenance of his burial plot in the cemetery. In the fourth paragraph the testator provided: " I give and bequeath the sum of Twenty Thousand Dollars ($20,000) to my aunts Annie E. Helck and Mary L. Helck, equally, or if either of them shall predecease me, to the survivor of them." The legatees were half-sisters of the testator's mother and were the testator's nearest kin. In the fifth paragraph of his will the testator provided:

" I give and bequeath all of my stock of the firm of Pfaltz & Bauer, Inc., a New York Corporation, including all to which I may be entitled at the time of my death, as follows, to wit:

"A

" To each of the following persons so much thereof that after receiving my said bequest he or she shall own sufficient stock (including any stock owned by him or her at the time of my death) to constitute the proportion of the total authorized and issued capital stock of said Corporation set forth opposite his or her name respectively, to wit: (a) Margaret Coleman, twenty percent (20%); (b) Dr. Ehrich Loewenstein, ten percent (10%); (c) John Coffey, one percent (1%); (d) John Vollrath, five percent (5%); (e) Charles Rawson, five percent (5%); (f) Mildred Anderson, one percent (1%).

"B

" To my wife, Edna Warner Bauer, all the rest, residue and remainder of said stock."

In the sixth paragraph he left his residuary estate to his wife. He had married her about six months before his death.

The testator at the time he made the will and at the time of his death, owned 1,980 shares of stock of Pfaltz & Bauer, Inc., out of the capital stock of 2,000 shares which the corporation had issued, and ownership of the remaining twenty shares was in dispute. He had transferred to the corporation the house in which he lived. A life insurance policy in the amount of $65,000 on which he had borrowed about $20,000 was payable to the corporation. The stock he owned in the corporation was valued at $69,300. All his other property, including cash and debts due to him, had a value of about $3,000, a sum totally insufficient to pay even taxes and administration expenses. The executors borrowed the money to pay these charges from the corporation which was entitled to the proceeds of the insurance policies.

In proceedings for the settlement of their accounts the executors have asked for " a construction and determination as to whether the legacy to the Lutheran Cemetery under paragraph ' Third ' of the will of the decedent herein and the legacies to Annie E. Helck and Mary L. Helck under paragraph ' Fourth ' of the will of the decedent herein are preferred and are entitled to payment prior to the specific legacies mentioned and described in paragraph ' Fifth ' of said will." The Surrogate held that " it was the intention of the said testator * * * to prefer " the legacy to the

cemetery for the perpetual care of the cemetery plot and the legacies to Annie E. Helck and Mary L. Helck, and that " said legacies are entitled to payment prior to the legacies mentioned and described in the paragraph numbered ' Fifth ' of said will." The Appellate Division modified the decree of the Surrogate by striking therefrom the provision for the payment of the legacies to Annie E. Helck and Mary L. Helck, as provided in paragraph numbered Fourth of said will, prior to the payment of the legacies of corporate stock as provided in paragraph numbered Fifth. No appeal was taken from that part of the decree which granted priority of payment of the legacy to the cemetery. The right of the cemetery to priority of payment of a legacy for the maintenance of the testator's burial plot may depend upon different considerations from those upon which the right of priority of payment of legacies to the testator's aunts depends.

The value of all the testator's property, with the exception of the stock of Pfaltz & Bauer, Inc., which he owned, was, as we have said, totally insufficient to pay taxes and the administration expenses. For years before his death the testator used his stock ownership and control of Pfaltz & Bauer, Inc., as a convenient means of carrying on all his affairs, both personal and business. He regarded himself as the sole owner of the corporation and in many matters he completely disregarded the distinction between the corporate business and property and his private affairs and property. He voted a salary to himself which was credited to him on the corporate books, but when he desired for his personal use sums of money in excess of the amount standing to his credit on the corporate books he would overdraw his accounts. The commingling of his personal property and affairs with the corporate property and affairs is illustrated strikingly by the fact that though he transferred to the corporation the house in which he lived, he paid no rent to the corporation, and by the fact that the corporation was the beneficiary of the insurance policy upon his life.

The testator had these facts in mind when he made his will with general legacies of $20,000 to his aunts and specific legacies of the corporate stock to others. There can hardly be room for doubt that the testator intended that the general legacies and the specific legacies should both be paid, but the general legacies must fail

completely unless they may be paid out of funds in the corporate treasury. In holding that the general legacies must fail, the Appellate Division said: " The question to be decided is: May general legacies be charged against specific legacies where there is no specific direction or directions to that effect implied from the language used in the will. * * * Although the gift of $20,000 to the aunts seems to have been really intended as such ' unless the testator sought to mock ' his aunts (*Matter of Herborn*, 189 App. Div. 319, 321), yet, in the absence of language indicating or from which it may be inferred to the contrary, it must be held that specific legacies are adamant to invasion by the general legacies."

We view in other manner the problem presented upon this appeal. The intention of the testator is clearly expressed that his aunts should be paid the sum of $20,000. To discover that intention we need not resort to extrinsic evidence of the testator's affection for his aunts or of his sense of responsibility towards them. That intention is expressed plainly on the face of the will. The testator's express intention must, nevertheless, fail unless the gift may be paid out of the moneys in the corporate treasury of Pfaltz & Bauer, Inc. We think that the question we must decide is: Has the testator directed either in express terms or by clear implication that the gift to his aunts should be paid out of moneys in the corporate treasury?

A testator does not usually designate in express terms the source from which legacies should be paid. He assumes correctly that general legacies will be paid out of moneys or property in his estate available for such purpose. Here the testator knew that no money or property would be available unless payment were made out of the corporate funds, for, as we have pointed out, he had commingled his personal property with the corporate property and had provided that the proceeds of the policies insuring his life should be paid to the corporation. The testator in his life had disregarded the corporate entity, and when he made a gift to his aunts with knowledge that the gift will fail unless payment is made out of corporate moneys, his intention that the corporate entity should be disregarded to the extent necessary to permit payment of the gifts out of moneys in the corporate treasury which for practical purposes belonged to him, is unmistakably apparent.

To give effect to an intention so clearly indicated the courts may disregard the corporate entity of a "one-man" corporation. Instances of such disregard are found in *Matter of Bush* (124 Misc. Rep. 674); *Matter of Dunigan* (177 Misc. Rep. 212). (See article entitled "The Incorporated Individual: A Study of the One-Man Company," by Professor Warner Fuller, 51 Harvard Law Review, p. 1373, at p. 1397 *et seq.*)

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division to all parties appearing separately and filing separate briefs payable out of the estate. (See 289 N. Y. 840.)

LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur; CONWAY, J., taking no part.

Ordered accordingly.