## In the Matter of the Will of JOSEPH G. MAIDEL, Deceased.

Surrogate's Court, Monroe County, June 6, 1947.

*James F. Glynn* for Frank E. Donnelly, as executor, petitioner.

*George J. Skivington, Jr.,* for Annetta Martyn, respondent.

*Abram P. Goldstein,* special guardian for Mary M. Maidel, an incompetent, respondent.

WITMER, S. The executor seeks a construction of the will herein to determine whether a legacy of $2,500 given to the

testator's widow is a charge upon his house and lot which he specifically devised to a lady friend, who kept house for him. The testator's widow had been confined to the Rochester State Hospital as a mental incompetent for years prior to the date of the will, and she is still so confined. The will was executed December 5, 1942, and testator died March 31, 1943. The pertinent paragraphs of the will are as follows:

"*Fourth:* I give and bequeath my wife, Mary M. Maidel, the sum of Twenty-five hundred dollars ($2,500.00) to be hers absolutely.

"*Fifth:* I give, devise and bequeath to Annetta Martyn of 20 Gardiner Park, Rochester, New York, my real property consisting of lot and house at 20 Gardiner Park, Rochester, New York, together with my china and silverware.

"*Sixth:* All the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and wheresoever situate, including my personal and household effects, I give, devise and bequeath to Annetta Martyn."

The gift in paragraph "*Fourth*" is a general legacy; the gifts in paragraph "*Fifth*" are respectively a specific devise and specific bequests; and the gift in paragraph "*Sixth*" is a general residuary devise and bequest. (*Crawford* v. *McCarthy,* 159 N. Y. 514, 518–519.)

It is the established rule that a general legacy may not be charged against real estate which is devised only by inclusion with personalty in a general residuary clause. (*Brill* v. *Wright,* 112 N. Y. 129, 133; *Matter of Brewster,* 144 Misc. 888.) There are, however, exceptions to this rule, based upon the expressed or presumed intent of the testator to make the legacies a charge upon his real estate. "The intention of the testator is the guide." (*Carley* v. *Harper,* 219 N. Y. 295, 301.) In the absence of special expressions or provisions in the will indicating the testator's intent in respect of priority of payment of legacies or of charging the legacies upon real estate, certain presumptions or rules, founded upon general experience and natural inclinations of men, have been adopted by the courts as guides. Under such rules the courts have held that a widow or close relative of the testator is entitled to priority in payment of a general legacy to her or to such relative as against other general legacies. (*Bliven* v. *Seymour,* 88 N. Y. 469; *Matter of Gabler,* 155 Misc. 418, affd. 242 App. Div. 797, affd. 267 N. Y. 559; *Matter of Smallman,* 138 Misc. 889, 905–907.) But such rule is of no avail as against a specific bequest or devise. (*Matter of Bauer,* 263 App. Div. 676, revd. on other grounds but affd.

in effect as to this point 289 N. Y. 326, 332; Heaton on Surrogates' Courts [5th ed.], §§ 744–749; 4 Warren's Heaton on Surrogates' Courts [6th ed.], § 406, par. 9.)

It has also been held that a general legacy to a wife or close relative may be charged against real estate included in the residuary clause where the testator's personalty, now depleted, was sufficient at the time the will was executed to pay the legacy as well as all of the testator's debts and administration expenses. (*Carley* v. *Harper*, 219 N. Y. 295, 300–303, *supra; Matter of Lilienthal,* 139 Misc. 225.) In such case it becomes important to ascertain the financial condition of the testator at the time of executing the will. In the instant case, since the testator died less than four months after the date of the will, there was little change in his financial condition from the date of the will to the time of his death. It appears that on December 5, 1942, he owed $1,359.10, to which must be added reasonable funeral and administration expenses. (*Matter of Lilienthal, supra,* p. 237.) His personal property then amounted to $611.08, besides three insurance policies. Policy No. 1, payable to testator's estate, was in the sum of $1,000, less a $270 loan, leaving a net amount of $730. Policy No. 2, payable to testator's estate, was in the sum of $1,000. These two items may be added to the other personalty in arriving at the value of the testator's estate at the time of the execution of the will. (*Matter of Lilienthal, supra,* p. 237.) With such addition the total estate assets amount to the sum of $2,341.08.

In addition, the testator had a third insurance policy in the sum of $2,000, made payable to his friend, Annetta Martyn. Although the testator had the power to change the beneficiary and cause the proceeds of this policy to be paid to his estate, there is no evidence that he intended to do so or that he considered this policy to be a present or potential asset of his estate when he made his will. Such policy may not be deemed a part of the testator's estate as a basis for determining whether the testator's real estate is chargeable with the $2,500 legacy to the widow.

Accordingly, on December 5, 1942, when the will was executed, the testator's assets exceeded his debts and reasonable funeral and administration expenses by scarcely $500, and hence were far insufficient to pay the legacy which he provided for his wife. This disparity was such that it is difficult to believe that it was unknown to the testator. We can only speculate as to whether the testator was endeavoring to make an apparent but empty gift to his wife in an effort to avoid his legal obliga-

tions to her (see *McCorn* v. *McCorn*, 100 N. Y. 511, 513; *Matter of Bauer*, 263 App. Div. 676, 678, *supra; Matter of Lilienthal*, 139 Misc. 225, 237, *supra*), or whether he really intended and expected that his wife should receive the $2,500 legacy. But even if his intentions were honest and honorable, still the legacy cannot be charged against the real estate.

In treating this problem some of the counsel herein have not differentiated between the case of a specific devise of real estate and one where the real estate is generally devised in a residuary clause. It is true that in a sense there is no such thing as a general devise of real property. (Butler on New York Surrogate Law and Practice, § 126, p. 81.) That is because each parcel of real property is unique as distinguished, for example, from shares of stock or bushels of wheat; but it does not mean that every testamentary provision conveying real property amounts to a specific devise, or that there can be no specific devise of a particular parcel of real property. There is a substantial difference between a general residuary devise and bequest of all remaining realty and personalty, and a specific devise of a particular parcel of real estate. This is particularly important in its bearing upon the testator's intent and the application of special rules or presumptions of intent. The special cases in which a general legacy may be charged upon the real estate, in the absence of express provision therefor in the will, are confined to real estate which has been included in the residuary estate, and such charge may never be made against real estate which has been specifically devised, as was done in this case. (*Matter of Bauer*, 263 App. Div. 676, *supra; Matter of Lilienthal*, 139 Misc. 225, *supra*.)

It is noteworthy that the Legislature at its last session enacted a law (chapter 521 of the Laws of 1947, constituting a new section, to wit, section 47-d of the Decedent Estate Law, effective as to wills executed after August 31, 1947) which charges with the payment of general legacies real estate not specifically devised, where the personalty is insufficient to meet the general legacies.

Accordingly, the general legacy to the widow is not a charge against the real estate devised in paragraph " *Fifth* " of the will herein.

Of course, the right remains to the widow, upon proper application through her committee, to elect to take her intestate share of the estate herein. (Decedent Estate Law, § 18; Surrogate's Ct. Act, § 145-a.)

**Submit decree accordingly.**