In the Matter of the Construction of the Will of WILLIAM L. ALBRO, Deceased.

Surrogate's Court, New York County, November 9, 1953.

*Albert B. Maginnes* for William J. Demorest, as guardian of the person and property of Carolyn A. Demorest, petitioner, and for William J. Demorest, Jr., and others, respondents.

*Frederick W. Tuck, Jr.,* and *Harry H. Schutt* for Annie Palacek, as executrix of Louis Palacek, deceased, respondent.

*John A. Kennedy,* as executor of William L. Albro, deceased, respondent in person, and for Margaret Manley, respondent.

COLLINS, S. After directing payment of "all my just debts, funeral expenses, and all testamentary charges involved in the administration and settlement of my estate" the testator in paragraphs third and fourth bequeathed $50,000 each to a former employee and a nurse. By paragraphs fifth, sixth, seventh and eighth, each beginning with the phrase, "I give, devise and bequeath * * *" he made separate gifts to each of three grandnieces and a grandnephew of a different specific parcel of improved real property described in the will by lot, block and street number. By paragraph ninth he bequeathed to his executor "a sum equal in amount to all taxes and other charges, inheritance or otherwise, due or lawfully chargeable against the *specific legacies hereinbefore bequeathed,* to be used by my said executor to pay all such taxes and charges to the end that my *specific legatees* shall receive in full the amount which I have bequeathed them undiminished by any such taxes or other charges." (Emphasis added.)

In paragraph tenth he provided that "In the event my estate is insufficient to pay the money bequests herein made, I direct that each one abate accordingly," and in paragraph eleventh he provided that in the event of lapse of "any of the bequests herein made and not otherwise bequeathed" such bequest should become part of the residuary estate, which by paragraph twelfth was to be divided among the same grandnieces and grandnephew who received the real property.

It appears that decedent's personal estate will be insufficient to provide for any residuary estate. It is also insufficient to pay the two $50,000 money bequests in full, unless taxes and administration expenses are charged against the gifts of real property.

The construction question arises because of the testator's use of the words " specific legacies hereinbefore bequeathed " in paragraph ninth. Technically speaking, no " specific legacies " are " bequeathed " by this will. The cash gifts of paragraphs third and fourth are " general legacies ", and the gifts under paragraphs fifth through eighth are " specific devises ". It may be noted that the testator made the latter gifts in the language of both " devise and bequeath " while using only the word " bequeath " in connection with the former. It follows that the language of paragraph ninth, even in its technical interpretation, does not exclude the gifts of real property from the intended exoneration.

The troublesome phrase " specific legacies " should be compared with the phrase " money bequests " used in paragraph tenth. The only gifts made by this rather carefully drawn will that fit the description " money bequests " are the two general legacies whose abatement is in question here. When the testator was referring to both the gifts of money and the particular parcels of real property, as in paragraph eleventh, he used simply the word " bequests ". The conclusion follows that the phrase " specific legacies " cannot refer either to the cash gifts alone, or to the cash gifts and the parcels of real property lumped together, and must, therefore, refer only to the gifts of real property.

While the order of the paragraphs in a will is not ordinarily determinative nevertheless here it would seem that if testator had intended that money bequests alone were to be free of estate taxes he would have put paragraph ninth immediately after paragraph fourth and before paragraph fifth. By placing it after the last of the specific gifts of real property testator seems to confirm the conclusion that by " specific legacies " he was referring only to the gifts made in the paragraphs immediately preceding the one in which that phrase appears.

The fact that testator used the word " legacies " in a general and not in a technical sense will not prevent the court from giving effect to his intention as it may be gleaned from a reading of the will as a whole (*Lasher v. Lasher*, 13 Barb. 106; *Matter of Hochster*, 166 Misc. 621). As expressly directed by the testator in paragraph second and in accordance with well-settled principles, debts and funeral expenses must be paid before distribution of general legacies (Surrogate's Ct. Act, §§ 212, 216). As to " taxes and other charges " it appears that the will here contains a specific direction against apportionment thereof and by paragraphs ninth and tenth spells out in

sufficient detail the manner in which the burden of such taxes is to be allocated, indicating that general money bequests abate before the gifts of real estate (*Matter of Caswell,* 239 App. Div. 695; *Matter of Dennis,* 184 Misc. 178). This construction is in accordance with the rule that has long been well established in this State, that in any event cash legacies are not a charge on real estate specifically devised. (See Decedent Estate Law, § 47-d; *Matter of Maidel,* 189 Misc. 683; *Matter of Smallman,* 138 Misc. 889; *Matter of Bauer,* 263 App. Div. 676, revd. on other grounds, 289 N. Y. 326.)

Accordingly the court holds that paragraph ninth of the will constitutes a direction against apportionment of estate taxes on the specific devises contained in paragraphs fifth through eighth and that debts, funeral and administration expenses and taxes and other charges, after the residuary estate is exhausted, abate the general legacies to the extent thereof as may be necessary.

Submit decree on notice construing the will accordingly.