OPINION OF THE COURT
John B. Riordan, J.
*601 In this proceeding for construction of a will, respondent moves for an order dismissing the petition for failure to state a cause of action. The motion is denied, and the court finds the will sufficiently ambiguous to require construction.
Antanas Zorskas died on January 6, 2006. His last will and testament dated December 13, 2004 was admitted to probate by a decree dated March 21, 2007, and letters testamentary issued to his son Peter Zorskas (petitioner) and Ruta Zorskas (surviving spouse) on May 23, 2007.
Article “THIRD” of the will provides:
“THIRD: I give the sum of One Hundred Thousand Dollars ($100,000.00) to Ruta Ona Zorskas, if she survives me. I give all my real estate, including my right to inherit real estate or the proceeds of the sale thereof from my late wife Mary Alexsey, including but not limited to the real property located at 3 Orchard Street, Great Neck, New York where I presently reside, and all rights that I have under any related insurance policies, to my son Peter Zorskas, if my son survives me, or if my son does not survive me to any then living children of my son, in equal shares per stirpes. Notwithstanding, it is my intention that my wife, Ruta first receive said $100,000.00 if she survive me. It is further my wish that my wife, Ruta be allowed to reside in the premises for at least one year after my death, without the necessity of paying rent or furnishing bond or other security therefore, but that she be responsible for normal carrying charges including real property taxes, and reasonable maintenance of the premises ordinary wear and tear excepted. Ruta shall not be liable for waste and shall have no duty to account. If my wife does not survive me, I give the sum of Ten Thousand Dollars ($10,000.00) to Dainora Ivanauskiene, if she survives me.”
Petitioner requests a construction of the will to the effect that the $100,000 legacy must be satisfied from personal property in the estate and if there are insufficient funds the legacy abates.
Ruta Zorskas contends that the $100,000 legacy is not conditioned upon the availability of personal property and the real estate must be charged with the $100,000 legacy.
The general rule is that the personal estate of a testator is the source of the fund for payment of legacies. However, the testator could provide that personal property be entirely exoner *602 ated and the real estate made the source of payment, or the real estate may be utilized as an aid (Taylor v Dodd, 58 NY 335 [1874]). The intention of the testator in this regard may be gleaned from an express direction or by language from which such direction can be inferred (Matter of Bauer, 263 App Div 676 [2d Dept 1942], rearg denied 264 App Div 780 [1942]; Matter of Uhl, 174 Misc 438 [Sur Ct, Queens County 1940]).
In this will, the devise of the realty to the decedent’s son evidenced an intent on the part of the testator that the son should have the whole of the property. If the testator intended that the real estate be sold to pay the $100,000 legacy there was no point to the specific legacy (see Matter of Uhl, 174 Misc 438 [1940]). The testator intended that the personal property of the estate first be resorted to for payment of the legacy.
However, the use of the word “notwithstanding” indicates that the testator anticipated that there might be insufficient personal property and in that event the $100,000 legacy would become a charge against the real estate.
It must be concluded that, here, the testator intended the payment of the $100,000 legacy be made to the surviving spouse even if it required a charge upon the real estate. This is consistent with the constructional preference in favor of the surviving spouse (Matter of Berger, 57 AD2d 591 [2d Dept 1977]).
Petitioner did not (as respondent alleges) violate the article “NINTH” in terrorem clause by filing a petition for construction of the will (EPTL 3-3.5 [b] [3] [E]).
An executor cannot take an adversarial position in a construction proceeding (Isham v New York Assn. for Improving Condition of Poor, 177 NY 218 [1904]). Here, the executor attempted to advance his individual interests, and his attorneys’ fees cannot be charged to the estate.
Accordingly, the motion for an order dismissing the petition is denied and the will is construed as set forth above.